UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEBREN A PIERCE,<br><br>    Plaintiff,<br><br>  v.<br><br>XAVIER BECERRA,<br><br>    Defendant. | Case No. 20-cv-08013-JST<br><br>**ORDER OF DISMISSAL** |

### INTRODUCTION

Plaintiff, an inmate at California Correctional Training Facility in Soledad, California, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. He has paid the filing fee. His amended complaint (ECF No. 7) is now before the Court for review under 28 U.S.C. § 1915A.[1]

### DISCUSSION

**A.  Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See United States v. Qazi*, 975 F.3d

---

[1] Plaintiff filed his initial complaint on or about November 13, 2020. ECF No. 1. On or about December 2, 2020, Plaintiff filed a first amended complaint. ECF No. 6. Because an amended complaint replaces the previous complaints, ECF No. 6 replaced ECF No. 1. On or about December 24, 2020, Plaintiff a corrected first amended complaint, and indicated that he intended for this new pleading to serve as the operative first amended complaint. ECF No. 7. Accordingly, the first amended complaint docketed at ECF No. 7 replaced ECF No. 6.

989, 993 (9th Cir. 2020). Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). While Rule 8 does not require detailed factual allegations, it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id.*

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Discussion**

Plaintiff is incarcerated pursuant to a criminal conviction and sentence in San Bernardino County Court Case Nos. FSB18868 and SCR37010. This action is Plaintiff's third attempt in this Court to challenge his conviction and sentence.

In *Pierce v. Calif. Sup. Ct.*, C No. 18-cv-0096 JST (PR) ("*Pierce I*"), Plaintiff filed a petition for a writ of mandate. Plaintiff had filed a civil action in San Bernardino County Superior Court against the judge who presided over his criminal proceedings, challenging the restitution fine ordered in the underlying criminal case on the grounds that the United States Constitution prohibited ordering restitution in the form of dollar currency. *See Pierce v. Calif. Sup. Ct.*, C No. 18-cv-0096 JST (PR), ECF No. 6 (Jan. 29, 2018) and ECF No. 13 (Apr. 26, 2018). The San Bernardino County Superior Court sustained the demurrer to Plaintiff's civil action, and the California Supreme Court denied Plaintiff's petition for writ of mandate. *Id.* In *Pierce I*, Plaintiff sought an order directing the San Bernardino County Superior Court to vacate its order sustaining the demurrer to his civil action. *Id. Pierce I* was dismissed as frivolous as a matter of law because a federal petition for mandamus to compel a state court or official to take or refrain from some

action is frivolous as a matter of law. ECF No. 13 at 2 (citing *Demos v. U.S. District Court*, 925 F.2d 1160, 1161-62 (9th Cir.), *cert. denied*, 111 S. Ct. 1082 (1991) and 28 U.S.C. § 1361).

In *Pierce v. Calif.*, C No. 19-cv-03009 JST (PR) ("*Pierce II*"), Plaintiff filed a 42 U.S.C. § 1983 action against the State of California, et al.; the San Bernardino County Board of Supervisors, et al.; and the city of San Bernardino, et al. *Pierce II* alleged that these entities violated Plaintiff's rights under the Sixth Amendment and committed fraud by prosecuting Plaintiff and bringing a bankruptcy action against Plaintiff on behalf of the People of the State of California. *See Pierce v. Calif.*, C No. 19-cv-03009 JST (PR), ECF No. 1 (May 31, 2019). Plaintiff argued that there is no California law authorizing suit on behalf of the People of the State of California. *Id.* Plaintiff sought the destruction of his state and federal criminal records and over $15 billion in punitive and compensatory damages. *Id.* *Pierce II* was dismissed with prejudice because it failed to state a cognizable claim for relief; because the claims were barred by *Heck v. Humphrey*, 512 U.S. 477 (1994); and because Cal. Penal Code § 684 requires that criminal actions are to be prosecuted in the name of the people of the State of California. *Pierce II*, ECF No. 7 (Jul. 17, 2019).

In this instant action, Plaintiff brings suit against California Attorney General Xavier Becerra, arguing that Cal. Penal Code § 684 is unconstitutional as applied to his criminal cases, Case Nos. FSB18868 and SCR37010. ECF No. 7 at 5. Plaintiff argues that because Cal. Penal Code § 684 requires that criminal actions be brought on behalf of the People of the State of California, (1) all juries since Cal. Penal Code § 684's enactment in 1872 are biased because the jurors and the prosecutors are the same entity; (2) all criminal defendants have been deprived of their right under the Confrontation Clause to confront an accusing witness face-to-face and cross-examine that witness because the State of California lacks the resources to subpoena the State of California in all criminal actions; (3) Plaintiff was deprived of the presumption of innocence; (4) all state prosecutors suffer from a conflict of interest; and (5) Plaintiff was deprived of effective assistance of counsel in his criminal cases, C Nos. FSB18868 and SCR37010. *Id.* Plaintiff seeks an injunction preventing Attorney General Becerra from enforcing Cal. Penal Code § 684. *Id.* at 5-8. Plaintiff states that this action is not barred by the Eleventh Amendment

because he is seeking injunctive relief barring a state official from engaging in unconstitutional action. *Id.* at 4.

The instant action is DISMISSED with prejudice for failure to state a claim for the following reasons.

First, Plaintiff lacks standing to bring these claims. Article III standing is present only when (1) a plaintiff suffers a concrete, particularized injury which is actual or imminent; (2) there is a causal connection between the injury and the conduct complained of; and (3) the injury will likely be redressed by a favorable decision. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). When evaluating whether the three elements of standing are present, the court must look at the facts as they exist at the time the complaint was filed. *ACLU v. Heller*, 471 F.3d 1010, 1015 (9th Cir. 2006); *Wilbur v. Locke*, 423 F.3d 1101, 1107 (9th Cir. 2005). The absence of any one element deprives a plaintiff of Article III standing and requires dismissal. *See Whitmore v. Federal Election Comm'n*, 68 F.3d 1212, 1215 (9th Cir. 1995). Here, a favorable decision – a finding that Cal. Penal Code § 684 is unconstitutional and an injunction barring Attorney General Becerra from bring criminal actions on behalf of the People of the State of California – would not redress Plaintiff's injury because Plaintiff's challenge to his conviction is procedural rather than substantive. A favorable decision in this action would not apply retroactively to invalidate his conviction, which is already final. *See Schriro v. Summerlin*, 542 U.S. 348, 353 (2004) ("A rule is substantive rather than procedural if it alters the range of conduct or the class of persons that the law punishes. . . . In contrast, rules that regulate only the manner of determining the defendant's culpability are procedural.") (internal citations and quotations omitted); *Teague v. Lane*, 489 U.S. 288, 310 (1989) ("new constitutional rules of criminal procedure will not be applicable to those cases which have become final before the new rules are announced").

Second, Plaintiff is attempting to challenge the validity of his confinement, not the conditions of his confinement. Habeas corpus is the "exclusive remedy" for the prisoner who seeks "'immediate or speedier release'" from confinement. *Skinner v. Switzer*, 562 U.S. 521, 533-34 (2011) (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005)). Petitioner's claims should therefore be raised in a habeas corpus petition, and not in a 42 U.S.C. § 1983 civil rights action.

4

1  *Hill v. McDonough*, 547 U.S. 573, 579 (2006) ("'Federal law opens two main avenues to relief on
2  complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a
3  complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983.
4  Challenges to the lawfulness of confinement or to particulars affecting its duration are the
5  province of habeas corpus.' . . . An inmate's challenge to the circumstances of his confinement,
6  however, may be brought under § 1983.") (quoting *Muhammad v. Close*, 540 U.S. 749, 750
7  (2004)).

8  Third, to the extent that Plaintiff seeks to have a favorable decision in this action apply
9  retroactively to his criminal cases, his claims are barred by the *Heck* rule. Pursuant to *Heck v.
10 Humphrey*, 512 U.S. 477 (1994), a court must dismiss a Section 1983 action where the plaintiff's
11 success in the action would necessarily imply the invalidity of the plaintiff's conviction or
12 sentence, and the conviction or sentence has not yet been invalidated. *Id*. at 486-87. Where the
13 conviction or sentence has not yet been invalidated, the Section 1983 suit is barred no matter the
14 relief sought (damages or equitable relief) and no matter the target of the suit (conduct leading to
15 conviction or internal prison proceedings), *see Wilkinson*, 544 U.S. at 81–82, and the suit should
16 be dismissed, *see Edwards v. Balisok*, 520 U.S. 641, 649 (1997); *cf. Butterfield v. Bail*, 120 F.3d
17 1023, 1025 (9th Cir. 1997) (claim barred by *Heck* may be dismissed under Rule 12(b)(6)).
18 Plaintiff's conviction and sentence have not been invalidated. Any challenge to the
19 constitutionality of the procedural rules pursuant to which his conviction was obtained is therefore
20 barred by *Heck*.

21 Fourth, Plaintiff's claims are meritless. Plaintiff has presented no evidence that Cal. Penal
22 Code § 684 has resulted in biased prosecutors, deprived criminal defendants of the presumption of
23 innocence, prevented criminal defendants from cross-examining accusing witnesses/victims, or
24 resulted in biased jurors. Plaintiff's claims are largely a recitation of legal precepts without any
25 actual analysis or basis in fact.

26 Accordingly, this action will be DISMISSED for failure to state a claim. The dismissal is
27 with prejudice because amendment would be futile. *Leadsinger, Inc. v. BMG Music Pub.*, 512
28

F.3d 522, 532 (9th Cir. 2008) (futility of amendment is basis for denial of leave to amend).[2]

**CONCLUSION**

For the foregoing reasons, the Court orders as follows.  This action is DISMISSED for failure to state a claim upon which relief may be granted.  Plaintiff's request for injunctive relief (ECF No. 7 at 8-11) and request for extension of time to effect service (ECF No. 9) are DENIED as moot.  ECF No. 7 at 8-11.  Plaintiff's request for leave to proceed *in forma pauperis* is DENIED as moot because Plaintiff has paid the filing fee.  ECF No. 2.  The Clerk of the Court shall issue judgment and close the file.

**IT IS SO ORDERED.**

Dated: March 15, 2021



JON S. TIGAR
United States District Judge

---

[2] To the extent that Plaintiff seeks to bring future actions challenging the validity of his conviction, the Court notes that habeas corpus is the exclusive vehicle for bringing such challenges.  If Plaintiff is seeking to circumvent the prohibition on second and successive petitions by bringing constitutional challenges to the states rules and statutes governing his criminal prosecution, the Court notes that such challenges are likely barred by *Heck*.